**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES POINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01596-MTS |
| ) | |
| ST. LOUIS UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This discrimination case is before the Court on Defendant Saint Louis University and Defendant Micheal Kolnik's Motion to Dismiss. For the reasons explained herein, the Court will grant the Motion and dismiss this action without prejudice.

## I.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes a complaint's factual allegations are true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power*

*Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).  To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The plausibility of a complaint turns on whether the facts alleged allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In this action, Plaintiff is proceeding pro se.  The Supreme Court has explained that a document filed pro se is "to be liberally construed," and, specifically, it has explained that "a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court of Appeals for the Eighth Circuit has explained that giving a complaint "liberal construction" means "that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). While the practice to construe pro se pleadings liberally is a longstanding one within the Eighth Circuit, courts must be careful not to "cross the permissible boundary" to reach claims that a complaint "cannot reasonably be construed" to raise. *See Bracken v. Dormire*, 247 F.3d 699, 702–03 (8th Cir. 2001); *accord Stone*, 364 F.3d at 914 (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")); *see also Davis v. Smith*, 638 F.2d 66, 69 (8th Cir. 1981) (Henley, J., dissenting) (opining that while courts should construe pro se pleadings "liberally in an effort to achieve substantial justice," courts "should not expand the case beyond fair articulation of [a litigant's] claim").

## II.  DISCUSSION

Plaintiff Charles Pointer applied for admission to Saint Louis University School of Law. His application "indicated [he] was black and 73 years old." Doc. [1]. When the University denied his application, Plaintiff "felt it was because of [his] age and

race." *Id.* He filed this *pro se* action against the University and the Dean of Admissions for the University's School of Law. Construing Plaintiff's filings liberally, he brings two claims against Defendants, a claim under the Age Discrimination Act of 1975[1] and a claim under Title VI, Section 601, of the Civil Rights Act of 1964.[2] Both claims fail as to both Defendants.

*First*, both of Defendant's claims against Defendant Kolnik fail because neither statute applies to individuals. *Null v. Entrepreneur Startup Bus. Dev.*, 4:23-cv-00702-SRC, 2024 WL 551607, at *3 (E.D. Mo. Feb. 9, 2024) (citing *Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1047 (E.D. Mo. 2014)) (analyzing 42 U.S.C. § 2000d); *Wani v. George Fox Univ.*, 856 F. App'x 672, 675 (9th Cir. 2021) (per curiam) (same); *Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 952 (N.D. Cal. 2014) (Koh, J.) (analyzing 42 U.S.C. § 6102). Further, Plaintiff's invocation of respondeat superior is misplaced. Not only does the common law doctrine have no application to these statutes, but respondeat superior holds an *employer* liable for the *employee's* wrongful acts committed within the scope of the employment, not the other way around. *See Respondeat Superior*, *Black's Law Dictionary* (12th ed. 2024).

As to the claims against the University itself, Plaintiff's claims fail because he makes only conclusory allegations of discrimination. *See Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013). He alleges his age and his race were

---

[1] *See* 42 U.S.C. § 6102.
[2] *See* 42 U.S.C. § 2000d.

"part of the reason [he] was rejected." Doc. [1] at 4. But he "does not allege any [race or age]-related comments or conduct" before his rejection. *Hager*, 735 F.3d at 1015. He "also does not allege facts showing that similarly situated [applicants] were treated differently." *Id.*; *see also Does 1-2 v. Regents of the Univ. of Minn.*, 999 F.3d 571, 581 (8th Cir. 2021) (applying *Hager* and finding that because the plaintiffs "failed to allege -- beyond legal conclusions couched as factual statements -- that they were treated less favorably because of their race," the district court properly dismissed their Title VI claim). Plaintiff says only that he *felt* his rejection was because of his age and his race. *See, e.g.*, Doc. [1] at 4, 5. He provides no facts suggesting it was in reality because of his age or race. Plaintiff simply has "fail[ed] to raise a right to relief above the speculative level." *Hager*, 735 F.3d at 1015 (citing *Twombly*, 550 U.S. at 555).

In addition, as to the claim under the Age Discrimination Act of 1975, Plaintiff failed to provide the requisite notice to Defendants. *See* 42 U.S.C. § 6104(e)(1). Though he seeks injunctive relief, *see* Doc. [1] at 9, Plaintiff did not comply with the notice and exhaustion provisions of the statute. Dismissal of his claim under the Age Discrimination Act of 1975 is appropriate for this reason alone. *See, e.g.*, *Mitchell v. Sullivan Place Apartments*, 4:19-cv-00430-SNLJ, 2020 WL 2747824, at *6 (E.D. Mo. May 27, 2020); *Homola v. S. Illinois Univ. at Carbondale, Sch. of Law*, 14 F.3d 604 (7th Cir. 1993) (per curiam).

- 5 -

## <u>Conclusion</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [17], is **GRANTED**.

An Order of Dismissal dismissing this case without prejudice will be entered herewith.

Dated this 4th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE